338

[Civ. No. 18940.   First Dist., Div. One.   May 26, 1960.]

FLOYD HASKINS, Plaintiff and Respondent, v. WILLIAM HOWARD, Appellant; HARDWARE MUTUALS, Intervener and Respondent.

Smith & Parrish, Smith, Parrish, Paduck & Clancy and Robert H. Laws, Jr., for Appellant.

Gilbert F. DeBorba for Respondents.

PAULSEN, J. pro tem.*—Appeal by defendant from a judgment rendered in an action for damages growing out of an assault.

Defendant struck plaintiff on the jaw with sufficient force to render him unconscious, to fracture his jaw and cause other injuries less severe. Before the time of trial, all plaintiff's teeth were extracted and he was fitted with dentures.

After trial before the court without a jury, compensatory damages in the sum of $8,500 were awarded to plaintiff, based on a finding that he had suffered a "scalp laceration, a concussion, fracture of his jaw bones and loss of his teeth and a permanent misalignment of his jaw." Punitive damages were fixed at $1,000.

Defendant moved for a new trail and on the hearing of the motion it was conceded that the evidence was insufficient to prove that the loss of all plaintiff's teeth was caused by the blow. The court stated: "I will re-examine the evidence . . . and endeavor as best I can to recalculate it." Several days later, the findings and judgment were modified by reducing the compensatory damages from $8,500 to $8,000. Defendant contends the record now indicates that the court made a deduction of $500 solely because the allowance for loss of teeth was eliminated and that this was such a trivial reduction as to amount to an abuse of discretion.

The contention is without merit. There is nothing in the record, except defendant's unsupported assertion, to show that the court originally fixed $500 as the amount awarded for loss of all teeth and thereafter simply reduced the total award without a reexamination of the final award in the light of all the evidence. Section 662 of the Code of Civil Procedure was enacted to give trial courts the power to again evaluate the evidence in cases of this kind and make whatever changes are required. We must assume here that the trial judge did what he said he would do and fixed the

---

*Assigned by Chairman of Judicial Council.

final award after he had again considered the evidence that related to the remaining injuries.

A more serious question is presented by defendant's contention that the evidence is insufficient to support the finding that plaintiff suffered ''a permanent misalignment of his jaw.'' No medical testimony was given on this subject and it is defendant's position that such evidence was indispensable.

Plaintiff testified that before the blow his jaws were in normal alignment and his teeth met properly; that immediately thereafter, and before his teeth were extracted and dentures supplied, his jaws were out of alignment and have remained that way ever since; that after he was struck he was taken to the hospital where the upper and lower teeth were wired together in such a manner that he could not open his mouth to take solid food and for four weeks he had to live on liquids; that later the wires were attached to his jaw bone; that an operation was performed to repair the fractured jaw and a scar was left on his jaw at the place of incision; that between the time of the assault and the time of trial he had been under the care of dentists and doctors.

''[I]n nearly every case discussing the necessity of expert evidence to warrant submission to the jury of the issue either as to the permanency of the injury or as to future pain and suffering, or an award of damages on such basis, the court's conclusion will depend upon the nature of the injury. That is, if the injury is of an objective nature (such as the loss of an arm, leg or other member) the jury may draw their conclusions as to future pain and suffering from that fact alone (the permanency of such injury being obvious); whereas there must be expert evidence as to future pain and suffering or permanency where the injury is subjective in character. . . . While the above-quoted rules do not purport to cover the question of the necessity of expert or medical evidence to warrant submission of the question of permanency to the jury, it is apparent from the cases set out below that the same rules apply with equal force where the question submitted to the jury is that of permanence of the injury, instead of future pain and suffering.'' (115 A.L.R. Anno., 1149, 1150.)

It should be noted that application of such rules to the question of permanence and the question of future pain and suffering are not necessarily the same and the nature of the injury often determines what kind of proof is required.

Where the proof is sought to show future pain and suffering, it is evident that expert testimony may often be required where it would not be if the only question is that of permanence. If a hand is completely severed from the wrist, any layman can see that the injury is permanent and expert testimony is not necessary. (19 Cal.Jur.2d, Evidence, § 338.) If proof of future pain and suffering is involved, and depends, for example, on a problem of nerve involvement, expert testimony would ordinarily be required. In the latter class of cases is *Guarantee Ins. Co.* v. *Industrial Acc. Com.,* 88 Cal.App.2d 410 [199 P.2d 12], where the question was whether an impairment of vision resulted from arc welding flashes or from old age. Such situations represent the opposite extremes. The present case lies somewhere between.

The evidence here was both subjective and objective. The court observed the plaintiff while he was on the witness stand and commented on the lack of facial symmetry. The record does not disclose the extent of the misalignment but it was not disputed that there was some. The trial court considered it sufficient to alter plaintiff's appearance and permanently affect his ability to eat normally. The trial occurred two years after the assault and considering the history of the case and the court's opportunity for observation, we are of the opinion that expert testimony was not required. Nothing was awarded for future pain and suffering.

The judgment is affirmed.

Bray, P. J., and Duniway, J., concurred.

A petition for a rehearing was denied June 16, 1960.